Jeremiah K. Sullivan
vs.    No. 4179.
Mortimer A. Sullivan, Ex'r.

June 27, 1929.

BAKER, J. Heard on defendant's plea in abatement.

The action is in assumpsit brought against an executor. The latter urges that the case is prematurely brought and cites to the Court the provisions of Section 8 of Chapter 365 of the General Laws of 1923.

The Court thinks that this contention is correct and the plea in abatement is sustained.

John Martins
vs.    No. 75486.
R. Armstrong

July 2, 1929.

FROST, J. This case is now before the Court on defendant's motion for new trial on the usual grounds after verdict for the plaintiff in the sum of $115.50.

On Sunday afternoon, November 6, 1927, plaintiff was driving his automobile, in which were his wife and daughter, northerly on Newport Avenue in the City of Pawtucket. Plaintiff testified that he was proceeding on his right hand side of the road at a speed of ten to fifteen miles per hour and, while at the intersection of Newport Avenue and Brook Street and after passing the middle of Brook Street was struck on his right hand side by an automobile driven by the defendant. Mrs. Martins testified that her husband's car was almost across Brook Street when she saw defendant's car coming fast down Brook Street. Plaintiff's daughter testified that defendant's car was fifty feet away when she saw it and coming fast. The essential facts as stated by the plaintiff and his family were supported by the evidence of two other witnesses.

Defendant testified that he was proceeding on Brook Street at a speed of twenty miles per hour and went three or four car lengths after the accident.

Counsel for defendant, while not admitting any negligence on the part of his client, insists that the negligence of the plaintiff was so clear as to bar his recovery even on the assumption of defendant's negligence and as proof of this cites the fact, as testified to by the plaintiff, that his car after the collision struck another machine and then crashed into a telegraph pole.

The issues of both plaintiff's and defendant's negligence in this case were clearly for the jury to determine. The testimony relating thereto was conflicting. The jury has found for the plaintiff and it seems to the Court that its verdict is supported by a fair preponderance of the evidence. Defendant's motion must therefore be denied.

For plaintiff: Michael Pedro.

For defendant: Thomas L. Carty.

Abraham Goldblatt et al.
vs.    No. 76257.
Abraham Uditsky et al.

July 5, 1929.

HAHN, J. After verdict for plaintiffs, heard on motion of defendants for a new trial based on the usual grounds.

This is an action brought to recover the amount of a deposit paid by the plaintiffs on account of the purchase of real estate from the defendants.

A consideration of the evidence leads to the conclusion that the defendants were ready and willing to sell the property substantially in accordance with the terms of the contract. The plaintiffs raise certain rather immaterial questions as to the details of the contract of purchase which they claim tend to excuse them from paying for the real estate and carrying out the contract in accordance with its terms.

The weight of the evidence is to the effect that defendants were ready and willing to carry out the contract, therefore the verdict for the plaintiffs is against the evidence and the weight thereof.

Motion of defendants for a new trial is granted.

For plaintiffs: Robinson & Robinson.

For defendants: Frank H. Bellin.